**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOUIS CIAVAGLIA,**

       **Plaintiff,**

**-vs-**                                                                              Case No.  6:07-cv-1206-Orl-22KRS

**GEVITY H.R., INC.; GEVITY H.R., IV,
L.P.; GEVITY H.R., L.P.; and OMITEC,
INC.; ,**

       **Defendants.**

_____

## ORDER

Plaintiff's Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.* ("ADA") (Counts I, II, and III). The pleading also alleges state law claims of handicap discrimination pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat.§ 760.01 *et seq.* (Counts IV, V, and VI).

*Sua sponte*[1], the Court will examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims founded on Florida law.

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of California, Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367(c) lists specific circumstances in which a

---

[1]*See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1997 WL 312583 (9th Cir. June 12, 1997) (*en banc*; recognizing that although district court is not required to *sua sponte* consider whether to accept or decline supplemental jurisdiction, better practice is for it to do so), *supplemented by* 121 F.3d 714 (9th Cir. 1997)

district may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . . , it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction in employment discrimination cases have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim); *Gregory v. Southern New England Telephone Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994) (declining to exercise supplemental (pendent party) jurisdiction over employee's state law claim against manager, where Title VII claim against manager had been dismissed and allegations against manager were wholly distinct from those against remaining defendant). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Management Co.*, 531 F. Supp. 115,

117-18 (M.D. Fla. 1982) (combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied*, 464 U.S. 932 (1983). Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. at 1085 ("[A]ll of the state law claims involve damages not available under ADEA"); *Bennett v. Southern Marine Management Co.*, 531 F. Supp. at 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

    The Court determines that Plaintiff's FCRA claims raise novel and complex issues of state law, that they substantially predominate over the federal law claims, and that this case presents exceptional circumstances compelling the Court to decline to exercise jurisdiction over the FCRA claims   After considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over the state law claims would not be appropriate.  Accordingly, the Court declines to exercise supplemental jurisdiction over Counts IV, V, and VI of the Complaint.

    Based on the foregoing, it is ordered as follows:

1.      Counts IV, V, and VI of the Complaint are DISMISSED, WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of 30 days after the date of this Order.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 20, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record